IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARTIN SCHNELL,[1] | § | |
| | § | No. 306, 2025 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File Nos. CK21-03098 |
| DEPARTMENT OF SERVICES | § | 25-01-1TK |
| FOR CHILDREN, YOUTH AND | § | |
| THEIR FAMILIES, | § | Petition Nos. 24-12842 |
| | § | 25-00937 |
| Petitioner Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: December 1, 2025
Decided: December 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the no-merit brief and the motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the responses, and the record on appeal, it appears to the Court that:

(1) The appellant, Martin Schnell ("Father"), is the father of a daughter born in June 2024 (the "Child"). Shortly after the Child's birth the Delaware Department of Services for Children, Youth and Their Families, Division of Family

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

Services ("DFS") petitioned for emergency custody of the Child because Father and the Child's mother ("Mother") had an extensive history with child welfare services in Colorado and Delaware and their housing was unsuitable for children. The Family Court granted the petition. Between June 2024 and May 2025, the Family Court held the mandated hearings.[2] In November 2024, the Family Court granted DFS's motion to be excused from case planning under 13 *Del. C.* § 1103(a)(7) and (d) because the parents' parental rights to other children were previously terminated.[3]

(2)     In January 2025, DFS moved to terminate Father's parental rights based on his failure to plan for the Child's physical needs and emotional development[4] and the involuntary termination of his parental rights to other children.[5] Following an evidentiary hearing on May 19, 2025, the Family Court issued a written decision terminating Father's parental rights in the Child.[6] The Family Court found that DFS had proved, by clear and convincing evidence, that the termination of Father's parental rights was appropriate based on his failure to plan adequately for the Child's

---

[2] When a child is removed from her home by DFS and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules. 13 *Del. C.* § 2514; Del. Fam. Ct. Civ. Proc. R. 212-219.

[3] *Schnell v. Dep't of Servs. for Children, Youth, and Their Fams./Div. of Fam. Servs.*, 338 A.3d 1279 (Del. 2025) (affirming the Family Court's termination of Father's parental rights to a child born in 2022); *People in Interest of M.S.*, Case No. 19JV624, Order (Colo. D. Ct. Oct. 11, 2021) (terminating Father's parental rights to a child born in 2019).

[4] 13 *Del. C.* § 1103(a)(5).

[5] 13 *Del. C.* § 1103(a)(7).

[6] The Family Court also terminated the parental rights of Mother, who filed a separate appeal. This Court affirmed the termination of Mother's parental rights. *Davis v. Dep't of Servs. for Children, Youth, & Their Fams.*, 2025 WL 3554445 (Del. Dec. 11, 2025).

physical needs or mental and emotional health and development[7] and that the Child had been in DFS's custody for more than six months.[8] Finally, the Family Court examined the best-interests factors set out in 13 *Del. C.* § 722 and found, by clear and convincing evidence, that termination of Father's parental rights was in the Child's best interest. Father appeals.

(3) On appeal, Father's counsel filed an opening brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that he conducted a conscientious review of the record and the relevant law and determined that Father's appeal is wholly without merit. Counsel informed Father of the provisions of Rule 26.1(c), provided him with a copy of the motion to withdraw and the accompanying brief, and advised him that he could submit in writing any additional points that he wished for the Court to consider. Father has not provided points for the Court's consideration. DFS and the Child's attorney have responded to counsel's Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(4) Having carefully reviewed the parties' positions and the record on appeal, we hold that the Family Court's factual findings are supported by the record, and we can discern no error in the court's application of the law to the facts. We therefore conclude that Father's appeal is wholly without merit and devoid of any

---

[7] 13 *Del. C.* § 1103(a)(5).
[8] *Id.* § 1103(a)(5)(b).

arguably appealable issues. We are satisfied that Father's counsel made a conscientious effort to examine the record and the law and properly determined that Father could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice